```
 1  BILAL A. ESSAYLI
    Acting United States Attorney
 2  JOSEPH T. MCNALLY
    Assistant United States Attorney
 3  Acting Chief, Criminal Division
    SAMUEL J. DIAZ (Cal. Bar No. 304503)
 4  Assistant United States Attorney
    Transnational Organized Crime Section
 5       1400 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-3045
 7       Facsimile: (213) 894-6269
         E-mail:    samuel.diaz@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-595-MCS-2,3,5,6,7,8 |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND CONFIDENTIAL WITNESS INFORMATION |
| v. | |
| YEVGENI GERSHMAN, et al., | |
| Defendants. | PROPOSED ORDER FILED SEPARATELY |

   Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, and defendant Evgeni Tourevski, by and through his counsel of record, defense attorney Brett A. Greenfeld, defendant Allan Austria, by and through his counsel of record, defense attorney George G. Mgdesyan, defendant Arthur Kats, by and through his counsel of record, defense attorney Peter Johnson, defendant Gilbert Arenas, by and through his counsel of record, defense attorneys Janine F. Cohen and Jerome H. Friedberg, defendant Ievgen Krachun,

by and through his counsel of record, defense attorney John Targowski, defendant Valentina Cojocari, by and through her counsel of record, defense attorney David R. Reed (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1) and (2) information related to confidential informant(s) and/or cooperating witness(es) who may testify at trial.

Introduction and Grounds for Protective Order

1.  Defendant Tourevski is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.  Defendant Tourevski is released on bond pending trial.

2.  Defendant Austria is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.  Defendant Austria is released on bond pending trial.

3.  Defendant Kats is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business.  Defendant Kats is released on bond pending trial.

4.  Defendant Arenas is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business; 18 U.S.C. § 1955: Operation of an Illegal Gambling

Business; and 18 U.S.C. § 1001(a)(2): Making False Statements. Defendant Arenas is released on bond pending trial.

5. Defendant Krachun is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business. Defendant Krachun is released on bond pending trial.

6. Defendant Cojocari is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Engage in Marriage Fraud; 8 U.S.C. § 1325(c): Marriage Fraud; and 18 U.S.C. § 1546(a): False Statements in Visas, Permits, and Other Immigration Documents. Defendant Cojocari is released on bond pending trial.

7. A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may expose him/her to potential safety risks.

8. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the

3

Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

9.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

<u>Definitions</u>

10.   The parties agree to the following definitions:

a.   "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth,

4

Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

   c. "Confidential Information" refers to any document or information containing: CI Materials and PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

   d. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

<u>Terms of the Protective Order</u>

 11. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The parties agree that the following conditions in the Protective Order will serve these interests:

   a. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The

government may also redact any PII contained in the production of Confidential Information.

  b. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

  c. Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

  d. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

  e. Notwithstanding the paragraph above, defendant may see and review CI Materials only in the presence of defense counsel, and defense counsel shall ensure that defendant is never left alone with any CI Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to defense counsel, who shall take all such materials with counsel. Defendant may not take any CI Materials out of the room in which defendant is meeting with defense counsel. If defense counsel wishes to enable defendant to review CI Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person"). Alternatively, defense counsel may maintain a

list of Defense Team members with the USAO and will be notified if such individuals are preapproved to serve as designated persons.  No CI Materials may be shown to a defendant by a designated person until that person is approved by the government.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

        f.   Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

        g.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or record any data or information contained in the Confidential Information.

        h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel or a designated person, as defined above, must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential

Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

        i.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Non-password-protected or paper copies of CI Materials shall not be left unattended in any vehicle.

        j.    To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

        k.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the

event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials and make all reasonable attempts to limit the divulging of: CI Materials and PII Materials.

  l. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

  m. The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

  n. Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain

subject to the Protective Order unless and until such order is modified by this Court.

      o.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order.

      p.   Defense counsel agrees to advise defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

      q.   Defense Counsel has conferred with defendants regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

//
//
//

r.  Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: September 2, 2025

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
SAMUEL J. DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


DATED: _____
BRETT A. GREENFIELD
Attorney for Defendant
EUGENE TOUREVSKI


DATED: 9/2/2025                *w/authorization*_____
GEORGE G. MGDESYAN
Attorney for Defendant
ALLAN AUSTRIA


DATED: 8/29/2025               *w/authorization*_____
PETER JOHNSON
Attorney for Defendant
ARTHUR KATS


DATED: _____
JANINE F. COHEN
JEROME H. FRIEDBERG
Attorney for Defendant
GILBERT ARENAS

11

DATED: 8/28/2025

*w/authorization*
JOHN TARGOWSKI
Attorney for Defendant
IEVGEN KRACHUN

DATED:

DAVID A. REED
Attorney for Defendant
VALENTINA COJOCARI

1  ████████████████████████████████████████████████
2  ██████████████
3  ████ ██████████████████████████████████████████████
4  ████████████████████████████████████████████████
5  ██████████████████████████████████████████████████
6  ██████████████████████████████████████████████████
7  ████████████████████████████████████████████████
8  ████ ██████████████████████████████████████████
9  ██████████████████████████████████████████████████
10 ██████████████████████████████████████
11 ████ ██████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ██████████████████████████
14 ██████████████████████        ████████████████████████
15                               ██████████████████████████████
16                               ████████████████████████████████████
17                               ████████████████████████████████
18
19                               ████████████████████████████
20                               ████████████████████████████████████
21                               ██████████████████████████
22                               ██████████████████████████
23 ████                          ████████████████████████████
24                               ████████████████████
25                               ████████████████████████████

DATED: 08/29/2025

_____
BRETT A. GREENFIELD
Attorney for Defendant
EUGENE TOUREVSKI

11

DATED: **8/28/2025**

_____
JANINE F. COHEN
JEROME H. FRIEDBERG
Attorney for Defendant
GILBERT ARENAS



DATED: 8/22/25

DAVID A. REED
Attorney for Defendant
VALENTINA COJOCARI